**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BLAKE PRESENT** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:17-CV-2800** |
| | § | |
| **THE TRAVELERS HOME AND** | § | |
| **MARINE INSURANCE COMPANY** | § | |
| **AND RUSH ELLEDGE SUESSMAN** | § | |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, a defendant in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

**I.
STATE COURT ACTION**

This case was initially filed in the 400th District Court, Fort Bend County, Texas. The state court action is styled: Cause No. 17-DCV-244353 <u>Blake Present vs. The Travelers Home and Marine Insurance Company and Rush Elledge Suessman</u> in the 400th District Court of Fort Bend County, Texas.

**II.
PARTIES**

The plaintiff, Blake Present, is, upon information and belief, an individual citizen and resident of Fort Bend County, Texas.

The defendant, The Travelers Home and Marine Insurance Company ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

The defendant, Rush Suessman ("Suessman"), is an individual citizen and resident of the State of Texas. Significantly, however, Suessman and the plaintiff's claims against Suessman, have been improperly joined. Accordingly, Suessman's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

### III.
### JURISDICTION

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and represents a dispute for which the <u>properly</u> joined parties are citizens of different states. Here, the plaintiff has improperly joined Suessman to this suit. As such, Suessman's Texas citizenship should be disregarded when determining whether this Court has diversity jurisdiction over the plaintiff's claims against Travelers. As the plaintiff is a resident and citizen of Texas and Travelers is a citizen of Connecticut, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A case may be removed despite the presence of a non-diverse

defendant if that defendant was joined improperly, i.e., without a legal basis to do so. Barclay v. State Farm Lloyds, No. H-14-3649, 2015 WL 1408185, at *3 (S.D. Tex. Mar. 26, 2015) (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 542 (5th Cir. 2004)). "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant." Dalton v. State Farm Lloyd's, Inc., No. 4:12-cv-03004, 2013 WL 3157532, at *14-15 (S.D. Tex. June 19, 2013) (citing Borden v. Allstate Ins. Co., 589 F.3d 168, 171 (5th Cir. 2009)). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003).

A defendant establishes improper joinder by showing one of two things: (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. Smallwood, 385 F.3d at 573. Defendants claiming improper joinder based on the latter standard must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." Barclay, 2015 WL 1408185, at *4 (citing McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005)). A "reasonable basis" means more than a mere hypothetical basis. Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co., No. H-10-1846, 2011 WL 240335 (S.D. Tex. Jan. 20, 2011).

To determine whether a plaintiff has a reasonable basis for recovery under state law, the Court may conduct a Rule 12(b)(6)-type analysis by reviewing the complaint to determine if it states a claim against the in-state defendant. Smallwood, 385 F.3d at 573. However, the Court should first look at the pleadings to determine whether the

3

allegations state a claim under state law against the in-state defendant.  Id.  Courts may

then conduct a Rule 12(b)(6)-type analysis "to determine whether the complaint states a

claim under state law against the in-state defendant . . . ."  Int'l Energy Ventures Mgmt.,

L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 200 (5th Cir. Mar. 31, 2016) (quoting

Smallwood, 385 F.3d at 573).

"It is well-established, of course, that the Rule 12(b)(6) analysis necessarily

incorporates the federal pleading standard articulated in Bell Atlantic Corp. v. Twombly:

To pass muster under Rule 12(b)(6), a complaint must have contained 'enough facts to

state a claim to relief that is plausible on its face.'"  Id.  (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 547 (U.S. 2007)).  Therefore, removal is proper when a

plaintiff's pleading fails to allege facts that would plausibly lead to the conclusion that

the plaintiff suffered damage due to a non-diverse defendant's conduct.  See

Smallwood, 385 F.3d at 573.

Additionally, it is undisputed that Rule 9(b) provides the federal pleading standard

for fraud-based claims.  See Fed. R. Civ. P. 9(b); see also Int'l Energy Ventures Mgmt,

818 F.3d at 209 n.63.  Rule 9 requires a plaintiff to plead the "who, what, when, where,

and how."  U.S. ex rel. Williams v. Bell Helicopter Textron Inc., 417 F.3d 450, 453 (5th

Cir. 2005).  "Claims alleging violations of the Texas Insurance Code and the DTPA . . .

are subject to the requirements of Rule 9(b)."  Frith v. Guardian Life Ins. Co. of Am., 9 F.

Supp. 2d 734, 742 (S.D. Tex. 1998); see also Columbia Mut. Ins. Co. v. Trewitt-Reed

Funeral Home, Inc., 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).

**B. The plaintiff has failed to allege a reasonable basis for the Court to predict the plaintiff can recover against Suessman.**

As shown below, the plaintiff has failed to allege any specific facts against Suessman that would lead to individual liability and has thus failed to allege a reasonable basis for predicting that state law would allow recovery against Suessman. Further, the plaintiffs have failed to meet Rule 9(b)'s heightened pleading standard—let alone Rule 8(a)(2)'s more lenient standard—with respect to its Texas Insurance Code claims against Suessman.   Specifically, the plaintiffs have failed to "state with particularity the circumstances constituting fraud" by failing to allege the "who, what, when, where, and how."  See U.S. ex rel. Williams, 417 F.3d at 453.  This demonstrates that the plaintiffs' claims against Suessman are mere formalities designed only to prevent diversity jurisdiction.   In essence, the plaintiff's factual allegations against Suessman fail to identify anything he did wrong other than estimate the plaintiff's alleged loss to be less than what the plaintiff desired.

While certain paragraphs in the plaintiff's original petition appear to be directed at Suessman, for the most part they merely track the statutory provisions the plaintiff claims Suessman violated.  See plaintiff's original petition at ¶¶ 18-24.  The only factual allegations relating to Suessman are found in paragraph nos. 11, 12, and 13, which read as follows:

11. Suessman was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. Suessman's unreasonable investigation led to the underpayment of Plaintiff's claim.

> 13. Moreover, Travelers and Suessman performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

See id. at ¶¶ 11-13.  All other allegations in the plaintiff's original petition specifically against Suessman merely track the language of the various statutory provisions the plaintiff claims Suessman violated.  See id. at ¶¶ 18-24.  As discussed below, federal district courts in Texas, including in the Southern District of Texas, routinely hold that allegations made against an adjuster functionally similar to the ones made against Suessman herein are insufficient to allege a reasonable basis for the court to predict that a plaintiff may be able to recover against the adjuster, and have thus denied remand.  See, e.g., Young v. Travelers Pers. Sec. Ins. Co., 2016 U.S. Dist. LEXIS 105397 (S.D. Tex. 2016); Johnson v. Travelers Home & Marine Ins. Co., 2016 U.S. Dist. LEXIS 99281 (S.D. Tex. 2016); Barclay, 2015 U.S. Dist. LEXIS 38091; Okenkpu v. Allstate Tex. Lloyd's, 2012 U.S. Dist. LEXIS 41705 (S.D. Tex. 2012.)

### C. Courts in the Southern District have found improper joinder on numerous occasions in cases nearly identical to this one.

Courts in the Southern District of Texas have found improper joinder in cases nearly identical to this one involving nearly identical allegations against an adjuster defendant on the ground that the plaintiff failed to establish a cause of action against the adjuster.  See e.g. Johnson, 2016 U.S. Dist. LEXIS 99281 (Miller, J.) (remand denied because plaintiff failed to establish a cause of action against the adjuster defendant who allegedly performed an outcome oriented and unreasonable investigation); Young, 2016 U.S. Dist. LEXIS 105397 (Harmon, J.) (remand denied because the plaintiff failed to establish a reasonable basis for the Court to predict that the plaintiff might be able to recover against the adjuster when he alleged that the adjuster made numerous errors in

estimating the value of the plaintiff's claim which were designed to intentionally minimize and underpay the loss incurred by the plaintiff); Barclay, 2015 U.S. Dist. LEXIS 38091 (Miller, J.) (remand denied in part because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the claim with obvious knowledge and evidence of a covered peril); Okenkpu, 2012 U.S. Dist. LEXIS 41705 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly conducted substandard inspections of the plaintiff's property and spent an insufficient amount of time inspecting the property as evidenced by his report which failed to include all of the damages noted upon inspection and grossly undervalued those damages); Centro Cristiano Cosecha Final, Inc., 2011 U.S. Dist. LEXIS 6541 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly failed to fully quantify the plaintiff's damages, conduct a thorough investigation of the claim, fairly evaluate and adjust the plaintiff's claim, and provide the plaintiff with a reasonable explanation as to why the insurance company was not compensating the plaintiff for the full value of the plaintiff's covered losses); Finkelman v. Liberty Mut. Fire Ins. Co., 2010 U.S. Dist. LEXIS 56813 (S.D. Tex. 2010) (Lake, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly was assigned to adjust the plaintiff's claim and, together with the insurance company, wrongfully denied the plaintiff's claim for property repairs, underpaid some of the plaintiff's claim by not providing full coverage under the policy,

and underestimated damages during her investigation); <u>Centaurus Gf Cove v. Lexington</u> <u>Ins. Co.</u>, 2010 U.S. Dist. LEXIS 67391 (S.D. Tex. 2010) (Miller, J) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly traveled to the property site in question and conducted an inadequate investigation regarding the damages).

Judge Miller's July 29, 2016 opinion in <u>Johnson</u> is particularly instructive when, as in this case, the question is whether the plaintiff's allegations against the individual adjuster defendant contain sufficient facts to establish a claim for relief that is plausible on its face.  <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *4.  Significantly, in <u>Johnson</u>, Judge Miller identified many of the same allegations that have been made in this case, and held that the allegations were "not pled with enough specificity to distinguish particular facts from legal conclusions."  <u>Id.</u> at *6.  Those allegations include:

<u>This case</u>:

"Suessman was assigned as an individual adjuster on this claim…."  <u>See</u> plaintiff's original petition at ¶ 11.

<u>Johnson</u>:

"Travelers assigned Nice to adjust this claim."  2016 U.S. Dist. LEXIS 99281, at *5.

<u>This case</u>:

"Suessman…conducted a substandard investigation and inspection of the property…."  <u>See</u> plaintiff's original petition at ¶ 11.

<u>Johnson</u>:

"Nice did not properly assess all damages…and omitted covered damages…." <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *5.

<u>This case</u>:

"Suessman…prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." <u>See</u> plaintiff's original petition at ¶ 11.

<u>Johnson</u>:

"Nice refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy." <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *5.

<u>This case</u>:

"Suessman's unreasonable investigation led to the underpayment of Plaintiff's claim." <u>See</u> plaintiff's original petition at ¶ 12.

<u>Johnson</u>:

"Nice…performed an…unreasonable investigation." <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *5.

<u>This case</u>:

"Moreover, Travelers and Suessman performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property." <u>See</u> plaintiff's original petition at ¶ 13.

Johnson:

"The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property." Johnson, 2016 U.S. Dist. LEXIS 99281, at *5.

In holding the foregoing allegations in Johnson insufficient to establish a claim to relief that is plausible on its face, Judge Miller noted that a plaintiff's "obligation to provide the grounds for his entitlement to relief requires more than mere labels and conclusions." Johnson, 2016 U.S. Dist. LEXIS 99281, at *5.  A similar determination and result should attain in this case.

This case is also similar, if not substantively identical, to the Young case.  See Young, 2016 U.S. Dist. LEXIS 105397.  In Young, the plaintiffs sought remand after Travelers removed the case contending the adjuster defendant was improperly joined. Id. at *4.  In support of their motion to remand, the plaintiff argued that the facts alleged in his original petition were sufficient to establish a cause of action against the [the adjuster]."  Id. at *8.  Specifically, the plaintiff alleged in his petition that the adjuster "made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by the Plaintiff."  Id. at *9.  The plaintiff also alleged that the adjuster's conduct constituted multiple violations of the Texas Insurance Code, that the adjuster is individually liable for his unfair and deceptive acts, and that "Defendants" knowingly and recklessly made false representations as to material facts and/or knowingly concealed material information from the plaintiff.  Id.  The court noted these statements were conclusory and lacked the factual specificity necessary to state a claim.  Id. at *10.  Accordingly, the court denied

10

the plaintiffs' motion to remand and dismissed the adjuster defendant with prejudice as improperly joined.  Id., at *13.

Here, the plaintiff's factual claims against Suessman are as follows:

11. Suessman was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. Suessman's unreasonable investigation led to the underpayment of Plaintiff's claim.

13. Moreover, Travelers and Suessman performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

See plaintiff's original petition at ¶¶ 11-13.  As was the case in Young, these allegations are conclusory and lack the specificity necessary to state a claim under Texas law.

In addition to being similar to the allegations made against the adjuster defendant in the Johnson and Young cases, the plaintiff's allegations against Suessman are similar to allegations made against the adjuster defendants in Okenkpu, Centro Cristiano Cosecha Final, Inc., Barclay, Finkelman, and Centaurus Gf Cove.  Here, the plaintiff claims, in essence, that Suessman was assigned to adjust the claim, conducted a substandard investigation and inspection of the property, and undervalued the damages he observed on the property.  See plaintiff's original petition at ¶ 11.  These allegations are similar, if not identical, to the allegations found in the cases cited and discussed herein in which remand was denied on the ground that the plaintiff failed to allege a reasonable basis for the court to predict that the plaintiff could recover. Based on these authorities, the plaintiff's claims against Suessman have been improperly

joined and Suessman's citizenship should be disregarded for the purpose of assessing

diversity jurisdiction with respect to the plaintiff's claims against Travelers.

### D. This case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company" the insurance adjuster to avoid removal.

As Judge McBryde in the Northern District of Texas judge noted in a 2016 case

similar, if not substantively identical, to the case at hand, this case is "but another in a

long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a

lawsuit filed against an insurance company to recover policy benefits the insurance

adjuster or another representative of the insurance company in an effort to avoid

removal of the case from state court to federal court."  Patel v. Acceptance Indem. Ins.

Co., 2016 U.S. Dist. LEXIS 10300, *7 (N.D. Tex. Jan. 28, 2016).  In Patel, the plaintiff

filed suit against Acceptance Indemnity Insurance Company and adjuster Charles

Payne related to an insurance coverage dispute arising out of a storm. Id. at *1-2.

Acceptance removed the case to federal court alleging that the Northern District had

subject matter jurisdiction by reason of diversity of citizenship.  Id. at *2.  Acceptance

contended that the Texas citizenship of Payne should be disregarded because he was

not properly joined as a defendant.  Id.  The plaintiff then filed a motion to remand,

which the court ultimately denied.  Id. at 1-2.  In doing so, the court reasoned that the

plaintiff's allegations were related to the investigation and estimation of damages, while

the plaintiff's claims arose out of an alleged breach by the insurer of its duty and the

insurer's denial of the claim.  Id. at *8.  The court further reasoned that:

> "[w]hile it is true that plaintiff's complaint includes what appear to be
> factual allegations related to [the adjuster], a close analysis discloses that
> they are nothing more than mere conclusions.  No facts are alleged that
> would plausibly lead to the conclusion that plaintiff suffered any damage

by reason of the conduct of [the adjuster], bearing in mind that ultimately [the insurance company], not [the adjuster], was responsible for insurance coverage."

Id. at *9.

The case at issue here bears striking resemblance to Patel.  Here, as in Patel, the plaintiff's allegations against Suessman relate only to his investigation and estimation of damages, while the plaintiff's claims against Travelers relate to Travelers' alleged breach and denial of the claim.  See id. at *8.  Also, as in Patel, a close analysis of the plaintiff's allegations reveal that "[n]o facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [Suessman], bearing in mind that ultimately [Travelers], not [Suessman], was responsible for insurance coverage."  See id. at *9.  Ultimately, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court."  See id. at *7.

Based on Patel and all other authorities cited herein, the plaintiff's claims against Suessman have been improperly joined and Suessman's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

## IV.
## TIMELINESS

Travelers was served with process and the plaintiff's original petition on August 23, 2017.  Thirty days have not elapsed since Travelers was served with process.  Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

**V.**
**ATTACHMENTS**

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a. Exhibit A:   Civil action cover sheet;

b. Exhibit B:   Copies of all executed processes in the case, if any;

c. Exhibit C:   Copies of all pleadings asserting causes of action and all answers to such pleadings;

d. Exhibit D:   Copies of all orders signed by the state court judge, if any;

e. Exhibit E:   A copy of the state court docket sheet;

f. Exhibit F:   An index of matters being filed;

g. Exhibit G:   A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

h. Exhibit H:   Rush Suessman's Consent of Removal.

**VI.**
**CONDITIONS PRECEDENT**

The defendant has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal. A copy of this notice of removal is also being filed in the 400th District Court of Fort Bend County, Texas, and all counsel of record are being provided with complete copies.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that the above action, styled: Cause No. 17-DCV-244353; <u>Blake Present vs. The</u>

14

<u>Travelers Home and Marine Insurance Company and Rush Elledge Suessman</u> in the

400th District District Court of Fort Bend County, Texas, be removed to this Court.

<div style="margin-left:40%">

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
Southern District Bar No. 1129798
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
TRAVELERS HOME AND MARINE
INSURANCE COMPANY

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on the 18th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by Certified Mail, Return Receipt Requested.

<div style="margin-left:40%">

/s/ Greg C. Wilkins
Greg C. Wilkins

</div>

15